Herbert, J.
The petition in this cause for both prohibition and mandamus is quite extensive, being nine pages in length. No good purpose would be served by any detailed recital of the allegations and claims set forth in the petition not material or relevant. It will suffice to set out those allegations that do present the question here for determination.
It is alleged that on February 2, 1959, the relator filed a petition for divorce in the Court of Common Pleas of Lucas County, being cause No. 50997. On April 1, 1959, his wife, Judith F. Broer, filed an answer and cross-petition for divorce and secured service on the cross-petition upon the relator.
On June 23, 1959, upon application of the relator, the respondent dismissed relator’s petition, and the action proceeded on the cross-petition of the wife.
On June 24, 1959, Mrs. Broer, was seriously injured in an accident and rendered incompetent to handle her affairs. On August 4, 1959, the Probate Court of Lucas County declared *26 Mrs. Broer legally incompetent and appointed a guardian of her person and estate.
On November 27, 1959, an attorney retained by Mrs. Broer prior to receiving her injuries filed motions on her behalf to add parties defendant in the action, for a temporary injunction, lor custody and support of the children, for expense money, and for temporary alimony. The attorney filing such motions was not retained by the guardian, but apparently was acting by reason of his previous retention by Mrs. Broer. Relator avers that he did not receive any notice whatsoever of the filing of the above motions.
The respondent sustained such motions and made an award for the support of the children as well as for temporary alimony and for expense money.
The relator contends that the action was abated by the appointment of the guardian, and that the respondent did not have jurisdiction to dispose of the motions during the guardianship. However, the relator, himself, recognized the jurisdiction of the court in certain instances, L e., on November 25,1960, when relator made application to the court to set aside and vacate certain of its orders, and on January 8, 1962, when he asked the court for findings of fact and conclusions of law. Both of these instances occurred during the period of the guardianship.
The relator alleges further that the guardian instituted contempt action for failure of relator to comply with the orders of the court relative to alimony and support of the children entered pursuant to the motions above referred to. His claim is that the awards were excessive. It appears from the record that on June 4,1962, the Probate Court of Lucas County declared Mrs. Broer to be competent and terminated the guardianship.
It appears from relator’s brief that, at the hearing before the Court of Appeals, relator called a witness, a psychiatrist, who testified that the relator was receiving treatments from the witness, and that he was severely depressed by reason of the pending divorce action.
The questions raised here are whether the divorce action was abated by appointment of a guardian for Mrs. Broer and whether the court had jurisdiction to pass on interlocutory mo *27 tions and matters during the period of the guardianship and before the hearing of the divorce action on its merits.
Section 2307.13, Revised Code, provides:
“The defense of an insane person must be by his legally appointed guardian, except that if there is no guardian, or he has an adverse interest, by a trustee for the suit, appointed by the court. If the insanity of a party is discovered, or he becomes insane, after action brought, it thereafter shall be prosecuted or defended by his guardian, or his trustee appointed as provided in this section.”
Johnson, Gdn., v. Pomeroy, 31 Ohio St., 247, in its syllabus states:
“1. A judgment rendered against an insane person, without the intervention of a trustee or guardian, and in favor of one having knowledge of the insanity, is not void.
‘ ‘ 2. In a proceeding in aid of execution, such judgment cannot be impeached by the guardian of the judgment debtor without showing some fraud or unfairness on the part of the creditor in obtaining the judgment.”
In the opinion, at page 248, is the following:
“And no doubt it is the duty of a plaintiff, who sues an insane person if he has knowledge of the insanity, to inform the court thereof. But the failure to perform any of these duties does not affect the jurisdiction of the court, but only the regularity of the proceedings.” (Emphasis added.)
Lewis v. Lewis, 6 N. P. (N. S.), 242, states the law in the first paragraph of the headnotes, as follows:
“A Common Pleas Court has jurisdiction of a divorce proceeding against an insane person, where the aggressions occurred prior to the insanity, notwithstanding the fact that, at the time of the decree, the defendant is insane.”
Neither the filing by the attorney originally retained by Mrs. Broer of interlocutory motions after the appointment of the guardian nor the failure to serve plaintiff, relator here, with copies of the foregoing motions deprived the court of its jurisdiction. Furthermore, the guardian, in substance, ratified the action of the attorney by bringing proceedings in contempt to compel the relator to abide by the orders of the court. The vigorous objections to the payment of temporary alimony for *28 the wife and support money for the children upon the relator’s contention that such awards were excessive indicates that the interests of the wife and children were protected. There is no showing or claim whatever of any fraud, unfairness or collusion in securing the awards made pursuant to such motions.
This is an action wherein the relator prays for the issuance of the extraordinary writs of prohibition and mandamus. Neither prohibition nor mandamus may be made a substitute for appeal. This is a well settled and long-established principle of law. The relator’s remedy, if any, is by way of appellate review.
This court in a per curiam opinion in State, ex rel Central Stores Co., v. Maiden, Jr., Judge, 162 Ohio St., 167, at page 169, said:
“The writ [prohibition] will ordinarily be awarded where there is no other adequate remedy and will not be awarded as a substitute for appeal or to prevent an anticipated erroneous judgment. State, ex rel. Winnefeld, v. Court of Common Pleas, 159 Ohio St., 225, 112 N. E. (2d), 27.”
Appellate procedure provides the relator with an adequate remedy and appropriate forum to review the errors urged by him. There is no occasion for the issuance of extraordinary writs.
It appearing that the respondent had jurisdiction in the divorce action, that the interests of the wife and children were at all times protected by the court, that there was no fraud, unfairness or collusion in any of the proceedings before the court, and that the court disposed of the interlocutory matters, it follows that the judgment of the Court of Appeals sustaining the demurrer to relator’s petition must be, and it hereby is, affirmed.

Judgment affirmed.

Zimmerman, Matthias, O’Neill and Griffith, JJ., concur.